UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

IN RE: Sherry Nicole Harris  :  Case No.:17-69669-BEM

:

DEBTORS  :  CHAPTER 13

:

## AMENDED CHAPTER 13 PLAN

[] Extension                    ☑ Composition

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of $350.00 per month to Trustee by ☑ Payroll Deduction(s) or by [] Direct Payment(s) for the applicable commitment period of 36 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre- confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:
    [] IF CHECKED, Plan payments will increase by $___ monthly in ___, upon completion or termination of ___. The additional funds shall be disbursed pro-rata to all claims being funded at the time of the increase.

3. **Claims Generally.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    A. **Trustee's Fees.** The Trustee shall receive a statutory fee in an amount established by the Attorney General and the United States Trustee.

    B. **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to base attorney fee in the amount of $4,250.00 for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $25.00 was paid prior to the filing of the ase. The Trustee shall disburse the unpaid amount of the fee, $4,225.00, as allowed under General Order 18-2015, as follows:

    (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $4,225.00 after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to $224.00 per month until the fees are paid in full; (2) If the case is <u>converted prior</u> to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $2,000 (amount not to exceed $2,000); (3) If the case is <u>dismissed prior</u> to confirmation of the plan, fees for Debtor's attorney of $2,000 as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 12-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for the fees sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is <u>converted after</u> confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is <u>dismissed after</u> confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid.

    Debtor and Debtor (s) attorney have further agreed that Debtor(s) attorney may be paid for "non base services" as they are performed on an as needed basis. These "non base services", and the agreed fee for each, are identified in Paragraph 6 of the Rule 2016(b) disclosure statement in this case. Upon completion of a non base service, Debtor's attorney may file an application with the court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If the non base fee is approved by the court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with this paragraph. If the base fee has been paid in full, then the fee shall be paid up to $224.00 per month, and the distribution to creditors shall be reduced, pro rata, by the amount until the additional fee is pain is full.

5. **Priority Claims.**

    **(A) Domestic Support Obligations.**

    ☑ None. If none, skip to Plan paragraph 5(B).

    (i) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

    (ii) The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. § 101(14A) and 1302(b)(6).

    (iii) Anticipated Domestic Support Obligation Arrearages Claims

    (a) Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage

claims for assumed leases or executory contracts.

☐ None

(b) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

☐ None; or

Claimant and proposed treatment:

**(B) Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated Claim |
|---|---|
| Internal Revenue Service | $4,000.00 |
| Georgia Department of Revenue | $0.00 |

**6. Secured Claims.**

**(A) Claims Secured by Personal Property Which Debtor Intends to Retain.**

**(i) Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

[] directly to the creditor; or

☑ to the Trustee pending confirmation of the plan.

| (d)<br>Creditor | (e)<br>Collateral | (f)<br>Adequate protection payment amount |
|---|---|---|
| GM Financial | 2013 Chevrolet Cruze | $100.00 |

**(ii) Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a) **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (g)<br>Creditor | (h)<br>Collateral | (i)<br>Purchase date | (j)<br>Claim amount | (k)<br>Interest rate | (l)<br>Monthly payment |
|---|---|---|---|---|---|
| None | | | | | |

(b) **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (m)<br>Creditor | (n)<br>Collateral | (o)<br>Purchase date | (p)<br>Replacement value | (q)<br>Interest rate | (r)<br>Monthly payment |
|---|---|---|---|---|---|
| GM Financial | 2013 Chevrolet Cruze | 2013 | $9550.00 | 5.25% | $100.00 increasing to $328.00 in June 2019 |

(c) **Other provisions.**

**(B) Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as

provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (s)<br>Creditor | (t)<br>Property description | (u)<br>Estimated pre-petition arrearage | (v)<br>Projected monthly arrearage payment |
|---|---|---|---|
| -NONE- | | | |

**(C) Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (w)<br>Creditor | (x)<br>Collateral to be surrendered |
|---|---|
| -NONE- | |

**7. Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $225,464.00 After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $0.0 or 0.00%, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

**8. Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

| (a)<br>Creditor | (b)<br>Nature of lease or executory contract | (c)<br>Payment to be paid directly by Debtor | (d)<br>Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| The Columns at Vinings | Residential Lease | $899.00 | 0.00 |

**9. Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

**10. Other Provisions:**

(A) Special classes of unsecured claims.

(B) Other direct payments to creditor.

Student Loans will be paid directly by debtor.

(C) Any tax refund that is issued to the Debtor during the Applicable Commitment Period, greater than $1,500.00, shall be paid into the Debtor's Chapter 13 case; any tax refund less than $1,500 (or up to $1,500 of any tax refund) may be retained by the Debtor upon written request to the Trustee. Further, the Debtor instructs and authorizes the Internal Revenue Service or any other applicable tax agency to send any refund issued during the Applicable Commitment Period directly to the Debtor's Chapter 13 Trustee.

(D) Any creditor which are to be paid directly under this plan are authorized and encouraged to send monthly billing statements to the debtor(s) at the mailing address on record with the Bankruptcy Court in this case.

(E) Other allowed secured claims: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with 5.25% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

(F) Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f): The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

"Merchants Acceptance"

(G) Any fees, expenses, and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded and Debtor will pay these post-petition expenses outside the plan unless the Court has disallowed them on a Motion filed under Fed. R. Bankr. P. 3002.1(e).

Date: 1/30/2018 /s/ Sherry Nicole Harris

/s/ Howard Slomka 652875                                        Signature of Debtor

Debtor's Atorney

                                                                Signature of Joint Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-69669-BEM |
| | ) | |
| SHERRY NICOLE HARRIS | ) | CHAPTER 13 |
| | ) | |
| DEBTOR | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Amended Chapter 13 Plan filed in the above styled case by depositing same in the United States mail with the adequate postage affixed thereto to insure delivery addressed as follows:

Mary Ida Townson (served via ECF)
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740

Sherry Nicole Harris
1309 Tamarron Parkway, SE
Atlanta, GA 30339


SEE ATTACHED FOR ADDITIONAL CREDITORS

DATED: January 30, 2018

_____/s_____
Howard P. Slomka
Georgia Bar #652875
Attorney for the Debtor
Slipakoff & Slomka, PC
Overlook III
2859 Paces Ferry Rd, SE
Suite 1700
Atlanta, GA 30339

```
Label Matrix for local noticing        ATT                                    (p)AMERICREDIT FINANCIAL SERVICES DBA GM FINAN
113E-1                                 2980 Cobb Pkwy                         PO BOX 183853
Case 17-69669-bem                      Suite 160                              ARLINGTON TX 76096-3853
Northern District of Georgia           Atlanta, GA 30339-3158
Atlanta
Tue Jan 30 15:16:40 EST 2018

Bank of America                        Capital One Bank (USA), N.A.          Capitalone
3057 Akers Mill Road                   PO Box 71083                          Po Box 85520
Atlanta, GA 30339-3189                 Charlotte, NC  28272-1083             Richmond, VA 23285-5520


Care Credit                            Chase                                 Comcast
2995 Red Hill Ave #100                 4490 S Cobb Dirve                     600 Galleria Pkwy SE
Costa Mesa, CA 92626-5984              Smyrna, GA 30080-6988                 Atlanta, GA 30339-8102


Credit One Bank Na                     Delta Community Credit Union          Department of Labor
Po Box 98875                           3250 Riverwood Pkwy                   2636 MLK Drive NW
Las Vegas, NV 89193-8875               Atlanta, GA 30339-6420                Atlanta, GA 30311


Dpt Ed/Navi                            Esurance                              Fifth Third
Po Box 9635                            650 Davis Street                      38 Fountain Square Plaza
Wilkes Barre, PA 18773-9635            San Francisco, CA 94111-1981          Cincinnati, OH 45263-0001


Geico                                  (p)GEORGIA DEPARTMENT OF REVENUE      Gm Financial
5620 Western Ave                       COMPLIANCE DIVISION                   801 Cherry St Ste 3900
Chevy Chase, MD 20815-3406             ARCS BANKRUPTCY                       Fort Worth, TX 76102-6839
                                       1800 CENTURY BLVD NE SUITE 9100
                                       ATLANTA GA 30345-3202

Sherry Nicole Harris                   INTERNAL REVENUE SERVICE              Internal Revenue Service
1309 Tamarron Parkway SE               P O BOX 7346                          401 West Peachtree Street, NW
Atlanta, GA 30339-0210                 2970 MARKET STREET                    344-D room 400
                                       PHILADELPHIA, PA. 19104-5002          Atlanta, GA 30308


Mabt Totvisa                           Merchants Acceptance                  Midamerica/Milestone/G
5109 S Broadband Lane                  6073 W 44 Ave Ste 305                 Po Box 4499
Sioux Falls, SD 57108-2208             Wheat Ridge, CO 80033-4704            Beaverton, OR 97076-4499


Navient Solutions, LLC. on behalf of   OrthoAtlanta                          PNC
Department of Education Loan Services  1800 Howell Mill Road NW #200         249 Fifth Ave
PO BOX 9635                            Atlanta, GA 30318-0917                Pittsburgh, PA 15222-2707
Wilkes-Barre, PA 18773-9635


PRA Receivables Management, LLC        Progressive                           Howard P. Slomka
PO Box 41021                           6300 Wilson Mills Road                Slipakoff & Slomka, PC
Norfolk, VA 23541-1021                 Cleveland, OH 44143-2182              Overlook III - Suite 1700
                                                                             2859 Paces Ferry Rd, SE
                                                                             Atlanta, GA 30339-6213
```

| | | |
|---|---|---|
| Suntrust<br>3500 Davis Blvd<br>Atlanta, GA 30349-1056 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Target<br>PO BOX 9475<br>Minneapolis, MN 55440-9475 |
| The Columns at Vinings<br>1900 Tamarron Parkway SE<br>Atlanta, GA 30339-6750 | Mary Ida Townson<br>Chapter 13 Trustee<br>Suite 2200<br>191 Peachtree Street, NE<br>Atlanta, GA 30303-1770 | U. S. Attorney<br>600 Richard B. Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta GA 30303-3315 |
| University of Missouri<br>125 Jesse Hall<br>Columbia, MO 65211-1130 | Verizon<br>by American InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City OK 73118-7901 | Verizon<br>by American InfoSource LP as agent<br>PO Box 248838<br>Oklahoma City, OK  73124-8838 |
| Wellstar Health System<br>PO Box 742626<br>Atlanta, GA 30374-2626 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| AmeriCredit Financial Services, Inc.<br>P O Box 183853<br>Arlington, TX 76096 | (d)AmeriCredit Financial Services, Inc.<br>dba GM Financial<br>P O Box 183853<br>Arlington, TX 76096 | Georgia Department of Revenue<br>1800 Century Blvd NE Suite 9100<br>Atlanta, GA 30345 |

End of Label Matrix
Mailable recipients    39
Bypassed recipients     0
Total                  39